

Law Offices of Vincent P. White
*Employment Attorneys*

Michael P. Hilferty, *Managing Partner*
MPH@NYCJobAttorney.com | www.NYCJobAttorney.com
Main : 646 690 8881| Direct: 646 449 7229

June 23, 2017

**VIA ECF**
The Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** *Abdurakhmanov v. Sushi Meshuga Queens Inc. et al*
     Case No.: 1:17-cv-01579-LDH-LB

Your Honor:

  This office represents Defendants in the above-referenced matter. We write, together with Plaintiff's counsel, to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

  The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions and mediation. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiffs file the stipulation of dismissal accompanying the proposed settlement agreement.

  The parties represent to the Court that while Plaintiff believes that the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, and more than if Defendants prevailed, as discussed herein, the settlement is fair.

**Background**

  Defendants operate several restaurants in Brooklyn and Queens, New York, and employed Plaintiff as a server at their location at 73-01 Main Street, Queens, New York.

  Plaintiff brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq.

Defendants deny Plaintiff's allegations and contend that they paid Plaintiff properly. After weighing the risks of trial and costs of further litigation, the parties have reached an agreement at an early stage.

**Settlement**

    a.    **Plaintiff's Range of Possible Recovery**

The parties have agreed to settle this action for the total sum of $18,000. *See* **EXHIBIT A** (settlement agreement). Plaintiff will receive Eleven Thousand and Five Hundred dollars ($11,500.00) of the settlement amount. Six thousand dollars ($6,000.00) is allocated to Plaintiff's counsel for attorneys' fees, and $500 for costs. The legal fees, which equals one-third of the settlement amount (33%), is routinely approved as attorney's fees in such FLSA matters. In the settlement, Defendants are paying 78% of the total back wages owed to Plaintiff, a significant percentage recovery on the back wages owed. Plaintiff estimated that, in a best-case scenario, he would be entitled to approximately $29,608.22, of which $14,804.11.75 constitutes Plaintiff's maximum recovery of his back wages. *See* **EXHIBIT B** (damage liability analysis). Such calculations assume that all of the facts alleged by Plaintiff is entirely correct, and that Plaintiff would be entirely successful on all of their claims. However, if Defendants were to succeed, they estimate that Plaintiff would be entitled to a minor amount, if anything at all.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The Eighteen Thousand dollars ($18,000.00) that they will be receiving accounts for the full amount of any alleged unpaid minimum and overtime wages that they could have recovered had they been successful at trial, as well as a portion of their liquidated damages, and attorneys' fees. This recovery is also well over what Plaintiff would recover if Defendants were to successfully utilize documentation to prove

that Defendants paid Plaintiff in accordance with the law. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsel, reached during a conference with an experienced mediator.

Plaintiff considers the settlement amount to be a favorable recovery, even if his original calculations are higher, since Defendants are paying, even after the deduction of attorneys' fees and costs, approximately 78% of the backwages owed. Plaintiff will be able to obtain the full amount of the damages owed to him at an early stage of the litigation, without having to face the burdens and risks of trial. Plaintiff wishes to avoid the risk in establishing liability and damages. Plaintiff's circumstances are such that he believes it to be in his best interest to receive an expedient settlement payment rather than go forward with the discomforts, risks and costs of further litigation and trial.

### b. The Settlement Will Enable Parties to Avoid Anticipated Burdens and Expenses

While the parties are in the preliminary stages of litigation, they would still need to complete formal discovery, and conduct depositions of all parties in order to establish their respective claims and defenses. Further litigation will require the Parties to invest substantial time and expenses. Moreover, a trial would be costly and time-consuming.

### c. The Parties Face Serious Litigation Risks

There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. If Plaintiff were to go forward to trial, he faces the risk of recovering less money than he is receiving in the settlement. If he were to be unsuccessful in any one of his claims or if he were unable to demonstrate the validity of the facts he has alleged, Plaintiff's damages would be reduced to an amount smaller than his settlement amount. Furthermore, Defendants may have a strong argument regarding good faith which if successful would prohibit Plaintiff from any liquidated damages, which would again significantly reduce the amount he could obtain.

Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial, due to the fee shifting nature of the FLSA.

### d. The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. The settlement and settlement agreement were negotiated by counsel over several months.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $18,000 settlement amount, $6,000.00 is allocated to Plaintiff's counsel for attorneys' fees, and $500 for costs. As mentioned above, the legal fees, which equals 33% of the settlement amount, is routinely approved as attorney's fees in such FLSA matters.

Plaintiff's counsel's fees of $6,000.00 are fair and reasonable given the time spent by Plaintiff's counsel and the results achieved for the Plaintiff. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, preparing discovery demands, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

Moreover, attorneys' fees of greater than one third of the full settlement amount plus costs have recently been approved in the Second Circuit in similar matters. See *Bravo v. 57th Restaurant Associates, LLC, et al.*, No 14 Civ. 8492 (S.D.N.Y.); *Torres v. The Usual Restaurant, Inc., et al.*, No 14 Civ. 5601 (E.D.N.Y.); *Paula v. GMG Industries, Inc., et al.,* No 14 Civ. 9295 (S.D.N.Y.); *Machuca, et al. v. Villaggio Catering Corp., et al.,* No 14 Civ. 3508 (E.D.N.Y.); *Nanduca v. R&A King Corp. d/b/a Taam Tov, et al.,* No. 15 Civ. 7669 (S.D.N.Y.).

**Conclusion**

Plaintiff was represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Respectfully submitted,

/s/
Michael P. Hilferty (MH2205)

cc:   CK Lee, Esq. (via ECF)
      *Attorneys for Plaintiff*